ROSES, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AGREXCO AGRICULTURAL EXPORT CO., INTERVENOR

Court No. 80-9-01545

*Memorandum Opinion and Order*

(Dated January 12, 1981)

RAO, Judge: Defendant has moved for a protective order for 13 documents included in the administrative record forwarded to the clerk of the court in connection with the above captioned countervailing duty case on fresh cut roses imported from Israel.

The 13 documents consist of:

1. Two copies of draft notice of the initiation of the countervailing duty investigation, prepared by the U.S. Customs Service for the General Counsel of the Treasury (pp. 1785-89 and 1797-1801 of the record);

2. A briefing memorandum to the Commissioner of Customs concerning the initiation of the investigation (p. 1778 of the record);

3. Two copies of a memorandum from the Commissioner of Customs to the General Counsel of the Treasury regarding the initiation of the investigation (pp. 1779-81 and 1782-84 of the record);

4. Handwritten notes prepared by Anne White Foley regarding a meeting on August 1, 1980 with Robert Robeson, Office of Policy,

Import Administration, and Frank Crowe, Import Administration Specialist (pp. 341–2 of the record);

5. Five drafts of the final countervailing duty determination and order (pp. 164–208, 210–261 and 292–310 of the record);

6. A handwritten note from Lynn J. Barden to Anne White Foley (p. 209 of the record) expressing his opinion regarding the draft appearing at pages 210–237 of the record; and

7. A handwritten note from Frank Crowe to John D. Greenwald (p. 291 of the record) transmitting the draft appearing at pages 292–310 of the record.

Plaintiff's response to defendant's motion included a motion for the release of these documents under a protective order limiting access to those members of plaintiff's counsel's office who are actively assisting in this litigation. The main thrust of plaintiff's argument in support of its position that the documents be at least partially released is that information for which governmental or executive branch privilege is sought should not be handled differently from that in which business confidential information is involved. Additionally, plaintiff claims that defendant has not met the burden of showing that all of the documents for which a privilege is sought are such that disclosure would impair the free flow of advice, without, however, specifying which of the documents were so affected.

Agrexco Agricultural Export Co. Ltd., the intervenor, did not file any responses to either motion.

In all cases in which a protective order is sought, the courts must weigh the need for the materials sought against the potential harm that would result from their disclosure. *SCM Corp.* v. *United States (Brother International Corporation, Party-in-Interest)*, 82 Cust. Ct. 351, C.R.D. 79–11 (1979); *United States* v. *Nixon*, 418 U.S. 683, 705, 94 S. Ct. 3090 (1974).

It has been well settled that in weighing the conflicting interests to determine whether the documents should be protected, disclosed or disclosed in part, a specific need must be demonstrated for the materials sought by the party seeking their disclosure. See the *SCM Corp.* case cited supra, and the cases discussed therein. Plaintiff has not demonstrated such a specific need, but has merely requested that the documents be released for examination and copying under a protective order restricting access to the materials to certain persons in its counsel's office. Without evidence of a specific need, there is nothing to weigh against the governmental policy and need to protect the confidentiality of executive communications. Plaintiff's motion for release of the involved documents must, accordingly, be denied and we need not reach the merits of plaintiff's argument that the governmental

privilege should be accorded the same treatment as business confidential privilege.

In determining whether defendant's motion for a protective order should be granted, it must be established that there has been full compliance with the established criteria: the privilege must be formally claimed; it must be asserted by the head of the agency having control over the matter, who personally considered the matter; the materials must be reviewed; and an appropriate affidavit must be submitted in support of the claim of privilege.

The formal claim of privilege was asserted both in defendant's motion for a protective order and in the affidavit of Philip M. Klutznick, who is Secretary of the Department of Commerce and who qualifies as the head of the agency having control of the matter as the Department of Commerce was given the authority for administering the countervailing duty law in title I of the Trade Agreements Act of 1979, which became effective on January 1, 1980. In his affidavit he affirms that he personally reviewed the documents and the circumstances of their preparation in all respects and that their protection from disclosure is necessary to insure the free flow of essential advice, recommendations, analysis, and opinion necessary for effective decision making in the conduct of countervailing duty investigations and determinations. The affidavit is appropriate in all respects.

The documents in question have been reviewed *in camera* and are what they are represented to be in defendant's moving papers and in Secretary Klutznick's affidavit, and the criteria for the grant of a protective order have been met by the defendant. Accordingly, it is

ORDERED that the 13 documents appearing at pages 164–261, 291–310, 341–342, 1778–1789, and 1797–1801 of the administrative record previously forwarded to the clerk of this court in connection with the countervailing duty investigation of fresh cut roses from Israel are hereby recognized as privileged documents not subject to discovery or disclosure.

We also note that defendant has filed a motion for leave to respond out of time to plaintiff's motion for release of the involved documents under a protective order on January 8, 1981. Since this opinion and order grant defendant's motion that the documents be recognized as privileged, defendant's response to plaintiff's motion indicating that it still adheres to its position set out in its motion for a protective order is not required and the motion for leave to file out of time a response to plaintiff's motion for release of documents is DENIED.